[L. A. No. 11780. In Bank.—May 27, 1932.]

THOMAS HAVERTY COMPANY (a Corporation), Cross-Defendant and Appellant, v. PACIFIC INDEMNITY COMPANY (a Corporation), Defendant and Respondent; JOE PROPER et al., Cross-Complainants and Respondents.

Richard J. O. Culver for Appellant.

Lawler & Degnan for Defendant and Respondent.

Robert E. Austin and John N. Helmick for Cross-Complainants and Respondents.

WASTE, C. J.—Plaintiff appeals from a judgment entered in favor of the defendants in an action for damages for alleged breach of contract.

Under the terms of a contract with the city of Santa Monica the plaintiff agreed to perform the labor and furnish the materials necessary to construct a concrete pipe sewer along the ocean front. The defendants Proper and Schrubbe, doing business as copartners, entered into a subcontract with the plaintiff by which they agreed to perform and complete within seventy-five days all the work of excavating, cutting

and placing of sidewalks, timbering, etc., essential to the construction of the sewer. By the terms of the subcontract plaintiff was required to furnish and lay the pipe on the subgrade as prepared by the subcontractors and was to "do all the pumping necessary to dewater the ground". The defendant Pacific Indemnity Company is the surety on the subcontractor's "faithful performance" bond.

Alleging that the subcontractors had failed to complete their work within seventy-five days as agreed, that they had completed only forty per cent of the work within the designated period, that the work was performed in an unskilful and unworkmanlike manner, and that the subcontractors had abandoned the job, plaintiff prayed for judgment against them in the sum of $20,165.63, and against the surety in the sum of $14,000, the amount of its bond.

By way of answer and cross-complaint the subcontractors denied all charges of default and unskilfulness and affirmatively alleged that they were prevented from fully and seasonably performing their part of the contract solely by reason of the plaintiff's failure and neglect to keep the ground and ditches reasonably free from water as it had covenanted to do. The answer of the surety is substantially the same with the addition of a defense of material alteration of the subcontract without its knowledge or consent.

The cause was tried by the court sitting without a jury. At the conclusion of the trial detailed findings were made which amply cover the many issues raised by the pleadings. Among other things, the court below found that the plaintiff by failing to faithfully perform that part of the contract requiring it to keep the ground and ditches reasonably free from water during the progress of the work, had prevented the defendant subcontractors from performing their part of the work; that the defendant subcontractors had completed fifty-three per cent of the work in a workmanlike manner; that the plaintiff thereupon took charge of the work and ousted the defendant subcontractors against their will and without their consent; and that by reason of the plaintiff's failure to comply with the terms of the contract, the defendant subcontractors had been damaged in the sum of $3,089.42, for which amount judgment was entered in their favor. It is also found that the parties to the subcontract had materially modified the same without the

knowledge or consent of the defendant surety, for whom a judgment for costs was entered.

Plaintiff appeals from the whole of the judgment contending, principally, that the evidence fails to sustain the findings of the court below. Each of the many detailed findings is singled out and challenged as being without support in the evidence. We have examined the record and find no merit in plaintiff's claim.

The record is replete with evidence tending to show that plaintiff's failure to keep the ditches reasonably free from water during the progress of the work precluded the subcontractors from performing their part of the work as agreed. Other findings, too numerous to mention, are also sustained by the evidence. ■ That the subcontractors should be compensated for all damages sustained by them as a result of plaintiff's breach of contract, goes without saying. We perceive no error in the trial court's computation of such damages. Under the provisions of their contract the subcontractors were to receive $14,000 for their portion of the work. It is found, upon competent evidence that the subcontractors had performed certain extra services for the plaintiff, the reasonable value of which was $1,061.50. These two sums total $15,061.50, of which amount the plaintiff had paid to the subcontractors $6,450, and had assumed and paid obligations of the latter aggregating $1460.58. It is also found that the subcontractors, if permitted, could have completed the work at a cost of $4,061.50. These latter three amounts total $11,972.08, which sum when deducted from the $15,061.50 above referred to, leaves a balance due and owing to the subcontractors in the sum of $3,089.42, for which amount, as already stated, judgment was duly entered in their favor.

■ The finding that the defendant subcontractors were not in default and that plaintiff alone was guilty of a breach of contract not only released the subcontractors from liability but also served to exonerate their surety, for whom a judgment for costs was properly entered. This being so, it is unnecessary to consider the further finding and conclusion that the surety is not answerable on its bond because of the material change or alteration made in the terms of the subcontract without its knowledge or consent. Because of the nonliability of the principal, the surety is necessarily exoner-

ated and the finding as to the alteration in the terms of the contract becomes mere surplusage.

It is asserted rather generally and without much force that the court below erred in numerous instances in its rulings touching the admission and rejection of evidence. Appellant's briefs fail to designate wherein these "numerous" errors may be found in the transcript. However, our examination of the record satisfies us that it is free of anything approximating prejudicial error.

We find nothing requiring further discussion.

The judgment is affirmed.

Seawell, J., Preston, J., Curtis, J., Shenk, J., Langdon, J., and Tyler, J., *pro tem.*, concurred.